IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:23-CV-11-FL

| | | |
|---|---|---|
| KAROLINA SORENSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DOLLAR GENERAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of plaintiffs' pro se complaint (DE 1-1, 1-2, 1-3) and amended complaint (DE 10) pursuant to 28 U.S.C. § 1915(e). Also before the court is defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) (DE 13). United States Magistrate Judge Brian S. Meyers entered June 10, 2024, memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's claims be dismissed in part and allowed to proceed in part, and that defendant's motion be denied in part and terminated as moot in part. Plaintiff filed objections. For the following reasons, the court rejects the M&R and grants defendant's motion to dismiss under Rule 12(b)(2).

## BACKGROUND

Plaintiff's complaint, while not a model of clarity, concerns an incident at a "Dollar General store," during which the store's employees and customers allegedly racially profiled plaintiff, assaulted her, falsely accused her of shoplifting, and made false reports to the police that led to her arrest. (Compl. (DE 1-1) at 2).

The magistrate judge entered June 28, 2023, an order granting plaintiff's motion for leave to proceed in forma pauperis and directing her to file an amended complaint that clarified the claims she was attempting to assert. Plaintiff complied after obtaining an extension of time. In amended complaint filed August 1, 2023, plaintiff asserts defendant is liable based upon acts of "Dollar General store employees," at a "Dollar General store" and the "parking lot of said Dollar General," in Lenoir County, North Carolina. (Am. Compl. (DE 10) at 3-4, 8, 11). She asserts claims for discrimination based on race, national origin, LGBTQ status, and religion under 42 U.S.C. § 1981, disability discrimination under 42 U.S.C. § 2000(a), and for negligent hiring and training, conversion, assault and battery, malicious prosecution, obstruction of justice, defamation, slander, and intentional infliction of emotional distress under North Carolina law. Plaintiff seeks: a court order requiring defendant to "reverse [its] unfair trespass against" plaintiff; "protection from this court of the video evidence from the incident;" $200,000,000.00 in damages; attorneys' fees; and costs. (DE 10 at 13).

Defendant filed thereafter the instant motion to dismiss for insufficient process, lack of personal jurisdiction, and failure to state a claim, relying on an affidavit by Calvin Billingsley ("Billingsley"), a claims manager employed by defendant. Defendant also seeks dismissal on the basis that plaintiff failed to comply with the deadlines enumerated in the court's June 28, 2023, order. Billingsley represents that defendant is a Tennessee corporation with its principal place of business in that state, does not own or manage "the property that is subject of" plaintiff's complaint or any other property in North Carolina, does not employ any individuals in this state, including those referenced in the complaint as operating a "Dollar General store," and is not registered to do business in this state. (See DE 14-2 ¶¶ 5-10). The deadline for plaintiff to respond to the motion to dismiss elapsed with no response having been filed.

The magistrate judge recommends the court allow to proceed plaintiff's claims for discrimination based on race and national origin under 42 U.S.C. § 1981 and for conversion, assault and battery, and slander under North Carolina law, and dismiss plaintiff's remaining claims. The magistrate judge also recommends the court grant plaintiff leave to file a second amended complaint with the factual and statutory basis for Dollar General Corporation being the proper defendant or naming a "different, proper defendant." It is recommended that the court terminate as moot defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), (5), and (6), and deny defendant's motion to dismiss based on plaintiff's failure to comply with the deadlines enumerated in the court's June 28, 2023, order.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based

3

Case 4:23-cv-00011-FL   Document 18   Filed 08/20/24   Page 3 of 7

on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

B.  Analysis

   1.  Motion to Dismiss

Defendant contends the court lacks personal jurisdiction over it. Where plaintiff fails to make the required prima facie showing, defendant's motion to dismiss for lack of personal jurisdiction is granted.

The United States Court of Appeals for the Fourth Circuit has described the requirements for personal jurisdiction as follows:

> To demonstrate personal jurisdiction over a defendant consistent with the Due Process Clause, a plaintiff must show (1) a State's general jurisdiction over the defendant by demonstrating the defendant's continuous and systematic contact with the State; (2) a State's specific jurisdiction over the defendant by demonstrating that the defendant purposely established minimum contacts in the forum state such that it should reasonably anticipate being haled into court there on a claim arising out of those contacts; or (3) Rule 4(k)(2) jurisdiction by demonstrating that no State can exercise personal jurisdiction over the defendant and that the defendant has sufficient contacts with the United States such that exercising jurisdiction over the defendant would be consistent with the U.S. Constitution and laws.

Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd., 911 F.3d 198 (4th Cir. 2018) (emphasis in original). Plaintiff here asserts it has demonstrated specific jurisdiction. See id.

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Where "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, . . . the dual jurisdictional requirements collapse into a single inquiry" of whether personal jurisdiction comports with due process. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001); see Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558–59 (4th Cir. 2014) (same).

"For a [s]tate to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014). "To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the [s]tate; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano, 377 F.3d at 407; see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76 (1985). With regard to the first prong, the touchstone of the purposeful availment inquiry is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Billingsley, defendant's affiant, states that defendant does not "own, manage, or operate the property that is the subject of" the complaint nor "any property in the State of North Carolina, (Billingsley Aff. (DE 14-1) ¶¶ 6-7), it "is not registered to business" in the state, (id. ¶

10), and it "has never conducted business with" plaintiff. (Id. ¶ 11). This testimony was not contravened by plaintiff. Plaintiff did not respond to defendant's motion to dismiss, and none of her filings attempt to demonstrate that defendant purposefully availed itself of this forum, as is required for the court to exercise personal jurisdiction over defendant. Instead, plaintiff's objections to the M&R simply accuse defendant of "extreme dishonesty," (DE 16 at 11), repeat her allegations, and rehearse disputes with other businesses that are not relevant to this action. (See, e.g., id. at 10 (alleging that a bank located near the place of the incident giving rise to this action of "denying [plaintiff] the convenience of at least banking with a checking account.")).

The court is mindful of plaintiff's pro se status, and holds her filings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "even a solicitous examination of the allegations reveals little on which [personal] jurisdiction may be based." Weller v. Department of Social Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). In addition, when the court previously granted plaintiff an opportunity to amend her complaint in this matter, she objected that this action was "cruel and inhumane" and added irrelevant material, such as complaints about the economy, crimes occurring in her neighborhood, and a previous investigation into the alleged crimes of her ex-spouse. (See DE 10 at 7-8). There is no basis to conclude that granting plaintiff additional opportunity to amend her complaint will prove fruitful.

Accordingly, the court rejects the recommendation in the M&R that plaintiff be granted leave to file a second amended complaint, and the court instead grants defendant's motion to dismiss and dismisses without prejudice plaintiff's claims for lack of personal jurisdiction. Southern Walk at Broadlands Homeowner's Association, Inc., v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (noting that dismissal for any defect in "jurisdiction must be

6

Case 4:23-cv-00011-FL   Document 18   Filed 08/20/24   Page 6 of 7

one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss (DE 13). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge